UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| EMERGENCY ALERTS INNOVATIONS, LLC | Case No. 2:22-cv-270 |
| Plaintiff, | COMPLAINT FOR PATENT INFRINGEMENT AND JURY TRIAL DEMANDED |
| v. | |
| VERIZON COMMUNICATIONS INC. | |
| Defendant | |

## COMPLAINT

This is an action for patent infringement arising under the patent laws of the United

States, Title 35 of the United States Code, against Defendant Verizon Communications Inc.

("Verizon" or "Defendant") that relates to one U.S. patent owned by Emergency Alerts

Innovations, LLC ("EAI" or "Plaintiff"): U.S. Patent No. 8,391,826.

## THE PARTIES

1.      Plaintiff Emergency Alerts Innovations, LLC is a limited liability company

organized and existing under the laws of the State of Illinois, with its principal place of business

at 125 S. Clark St., 17th Floor, Chicago, IL 60603. EAI was previously known as Emergency

Alerts Innovations, LLC. The name change was duly filed with the Illinois Secretary of State and

the United States Patent and Trademark Office.

2.      Defendant Verizon is a corporation duly organized and existing under the laws of

the State of Delaware, with its principal place of business at 1095 Avenue of the Americas, New

York, New York 10036. On information and belief, Verizon can be served with process at that

address.

1

3.      Verizon is a wireless carrier that owns and operates a nationwide mobile cellular network, and provides phones and other devices that connect to and use its cellular network.

4.      Verizon had nearly 150 million subscribers as of the fourth quarter of 2021, and was the largest wireless carrier in the United States by number of subscribers in that same quarter.

## JURISDICTION AND VENUE

5.      This Complaint states causes of action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.,* and, more particularly 35 U.S.C. § 271.

6.      This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a) in which the district courts have original and exclusive jurisdiction of any civil action for patent infringement.

7.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b). Defendant is subject to personal jurisdiction in this District, has an established place of business in this District, has transacted business in this District, and has committed acts of patent infringement in this District. Defendant derives benefits from its presence and activities in this District, including sales revenue from customers using its cellular network in this District.

8.      Defendant maintains regular and established places of business in this District, including, for example, a retail store located at 741 North Central Expressway, Plano, Texas 75075. Additional retails stores can be found within this District by searching Verizon's website (https://www.verizon.com/stores/).  Additionally, upon information and belief, Verizon maintains and operates infringing cellular network infrastructure (including, but not limited to, eNode Bs (eNBs), mobility management entities (MMEs), base stations, cellular towers) in this District (https://www.verizon.com/coverage-map/).

## BACKGROUND FACTS REGARDING THE EAI PATENT

9.      On March 5, 2013, the '826 Patent entitled "System for controlling the operation of wireless multicasting systems to distribute an alarm indication to a dynamically configured coverage area" was duly and legally issued by the USPTO.

## VERIZON'S KNOWLEDGE OF THE PATENTS-IN-SUIT AND CONTINUED INFRINGEMENT DESPITE THAT KNOWLEDGE

10.     On October 19, 2021, counsel for EAI sent a letter by both UPS and email to Hieu Phan, Associate General Counsel of IP litigation at Verizon that included claim charts explaining how Defendant infringed EAI's patent. Including a copy of the patent and claim chart, the letter was 34 pages long. Defendant has been aware of the '826 Patent since at least October 19, 2021.

11.     Counsel for EAI received an email on October 26, 2021 from Mr. Phan that he no longer worked for Verizon, and that correspondence should be sent to Michael Holden, Vice President and Deputy General Counsel of Litigation for Verizon.

12.     On December 14, 2021, counsel for EAI sent an email with a copy of the claim charts and letter to Mr. Holden. Defendant has had additional notice of the '826 Patent and how Verizon infringes the Patent since at least November 14, 2021. Verizon did not reply.

13.     On January 7, 2022, counsel for EAI sent an email to Mr. Holden seeking to discuss Verizon's need for a license. Verizon replied on the same day that the matter was being handled by Ms. Bukola Landis-Aina, and that correspondence should be directed to her.

14.     On January 11, 2022, counsel for EAI emailed Ms. Landis-Aina, again seeking to discuss Verizon's need for a license. EAI and Verizon scheduled a call for January 24, 2022. On that call, EAI provided an overview of the Patent and Verizon's infringement. Verizon responded that it needed additional time to determine which of its vendors, if any, contributed to the implementation of Verizon's Wireless Emergency Alerts.

15.     On February 10, 2022, counsel for EAI emailed Verizon seeking an update on its investigation. EAI also included an updated claim chart that provided more detailed information about how Verizon infringes the '826 Patent. Verizon did not respond.

16.     On April 8, 2022 and May 9, 2022, EAI emailed Verizon again seeking an update on its investigation. Verizon did not respond to either message.

17.     On June 24, 2022, Verizon provided an email response which detailed its position for the first time. The email alleged that Verizon did not infringe based on Verizon's understanding of the claim language of the '826 Patent. Verizon did not provide a counteroffer.

18.     Verizon has not provided any position on invalidity.

19.     Verizon has not agreed to enter into a licensing agreement with EAI.

20.     This Complaint serves as additional notice to Verizon to the '826 Patent and the manner in which the Patent-in-Suit is infringed.

21.     Despite knowledge of the Patent-in-Suit and knowledge of the manner in which the Patent-in-Suit is infringed as demonstrated in the provided claim charts, Verizon has continued to infringe, and/or induce the infringement of, the Patent-in-Suit.

## <u>COUNT I: INFRINGEMENT OF U.S. PATENT '826 CLAIM 12</u>

22.     EAI incorporates by reference the allegations set forth in paragraphs 1-21 of this Complaint as though set forth in full herein.

23.     Claim 12 of the '826 Patent provides:

| Claim 12 Preamble | A method of operating a Reverse 911 Alarm System for transmitting an alarm indication to individuals served by at least one cellular communication network, each of said cellular communication networks serving an associated plurality of cellular communication devices, each of said cellular communication devices being capable of generating a human sensible output to warn individuals who use said cellular communication devices of a hazard condition, comprising: |
|---|---|

| Element A | generating, in response to receipt of alarm data indicative of the presence of a hazard condition, at least one alarm indication; |
|-----------|---------------------------------------------------------------------------------------------------------------------------------|
| Element B | dynamically defining a coverage area indicative of a geographical extent of the hazard condition, including a list of cell sites that provide cellular service to the coverage area indicative of the geographical extent of the hazard condition; |
| Element C | transmitting the alarm indication to cell site controllers which are associated with the cell sites in the list of cell sites having a communication coverage corresponding to the geographical extent of said hazard condition; |
| Element D | identifying, in each of the cell site controllers which are associated with the cell sites in the list of cell sites, all cellular communication devices which are active in the cell site; and |
| Element E | concurrently transmitting, from an alarm indication communication apparatus which is operational in the cell site controllers which are associated with the cell sites in the list of cell sites, the alarm indications via a single multicast to a plurality of the identified cellular communication devices to generate human sensible output to warn individuals who use said cellular communication devices of the hazard condition. |

24.    Verizon has and continues to control, operate and use its cellular network for transmitting WEAs to user devices in a manner that meets each and every element of claim 12 of the '826 Patent.

25.    Verizon controls, uses and operates a cellular network that is used to transmit Wireless Emergency Alerts ("WEAs") to its customers' cellular network connected devices. Verizon voluntarily complies with Federal requirements for implementing WEAs on its cellular network.

26.    Verizon's network includes at least mobility management entities ("MMEs") and equipment such as eNodeB ("eNBs"). MME's communicate with eNBs, and eNBs communicate with devices connected to a given cell tower. The MMEs and eNBs are parts of a cell site controller. MMEs also identify which users are connected to which cell site to properly route data from the network to the user device. The MME is also responsible for transmitting WEA's

through the cellular network by routing WEAs to the appropriate eNBs and users connected to those eNBs.

27.    WEAs appear on customer devices as text-like messages that are accompanied by a distinctive ring and/or vibration pattern, all of which can be detected by the user. WEAs alert users of hazardous or life-threatening situations, such as severe weather and other natural or man-made disasters.

28.    In operation, WEAs are originated from an Alert Originator ("AO"). The AO is typically an authorized public safety official. The AO originates the WEA process when a hazard condition is detected. The alarm data from the AO is then transmitted through FEMA's Integrated Public Alert and Warning System ("IPAWS") to participating wireless carriers, including Verizon. Verizon's network further transmits the WEAs to devices within the identified hazard area by utilizing its MMEs and eNBs.

29.    WEAs are designed to alert only those users within the geographic area of the hazard. The AO can designate a shape defining the boundaries of the geographic area corresponding to the hazard, and include this information as part of the WEA. Verizon's network determines which cell sites are within that geographic area, and transmits the WEA to the appropriate cell sites. The cell site controllers for the cell sites transmit the received WEA to the user devices that are served by those particular cell sites. WEAs are sent from the cell sites via cell broadcast to the user devices connected to those cell sites within the designated geographic area. The cell broadcast is a unidirectional wireless broadcast that qualifies as a single multicast. The geographic area of a hazard can be changed as the scope of the hazard changes, with any devices found within the updated area notified of the hazard via WEAs.

30.    When the user device within the defined geographic area receives the WEA, the device generates the text message-like alert, as well as the unique sound and vibration pattern to alert the user of the hazard. In addition to simple text, WEAs can also include multimedia content, such as URL hyperlinks, pictures, or maps.

31.    Verizon directly infringes claim 12 of the '826 Patent by controlling, operating, and using its cellular network to transmit WEAs to user devices.

32.    Verizon has had knowledge of the '826 Patent since October 19, 2021.

33.    Verizon controls, operates, and uses its cellular network for transmitting WEAs knowing that it infringed and continues to infringe at least claim 12 of the '826 Patent under 35 U.S.C. § 271(a) directly.

34.    As a direct and proximate result of Verizon's acts of patent infringement, EAI has been and continues to be injured, and has sustained and will continue to sustain damages.

## COUNT II: INFRINGEMENT OF U.S. PATENT '826 CLAIM 14

35.    EAI incorporates by reference the allegations set forth in paragraphs 1-34 of this Complaint as though set forth in full herein.

36.    Claim 14 of the '826 Patent provides:

|  | The method of operating a Reverse 911 Alarm System of claim 12, further comprising: |
|---|---|
| Element A | dynamically defining a geographical area for distribution of said alarm indication, wherein said geographical area for distribution of said alarm indication is not coextensive with said geographical extent of said hazard condition. |

37.    Verizon has and continues to control, operate and use its cellular network for transmitting WEAs to user devices in a manner that meets each and every element of claim 14 of the '826 Patent.

38. Verizon's network receives from an Alert Originator an indication of a hazard during WEA transmission. The indication includes an AO-defined geographical area for the hazard. Because the hazard itself will not follow the contours of a geometric shape (e.g., shape of a storm or earthquake impact zone), the geographical extent of the hazard will not be co-extensive with the geographical area of the alert.

39. Verizon directly infringes claim 14 of the '826 Patent by controlling, operating, and using its cellular network to transmit WEAs to user devices.

40. Verizon has had knowledge of the '826 Patent since October 19, 2021.

41. Verizon controls, operates, and uses its cellular network for transmitting WEAs knowing that it infringed and continues to infringe at least claim 14 of the '826 Patent under 35 U.S.C. § 271(a) directly.

42. As a direct and proximate result of Verizon's acts of patent infringement, EAI has been and continues to be injured, and has sustained and will continue to sustain damages.

## COUNT III: INFRINGEMENT OF U.S. PATENT '826 CLAIM 17

43. EAI incorporates by reference the allegations set forth in paragraphs 1-34 of this Complaint as though set forth in full herein.

44. Claim 17 of the '826 Patent provides:

|  | The method of operating a Reverse 911 Alarm System of claim 12, further comprising: |
| --- | --- |
| Element A | enabling a human operator to input alarm data indicative of the presence of a hazard condition; and |
| Element B | wherein said step of generating is responsive to receipt of said human operator input alarm data indicative of the presence of a hazard condition, for generating at least one alarm indication. |

45.    Verizon has and continues to control, operate and use its cellular network for transmitting WEAs to user devices in a manner that meets each and every element of claim 17 of the '826 Patent.

46.    Verizon's network supports transmission of WEAs. WEAs are initiated by a human operator as an Alert Originator, typically an authorized public safety official. The Alert Originator sends the hazard indication to Verizon's network, and Verizon's network transmits a WEA to impacted users.

47.    Verizon directly infringes claim 17 of the '826 Patent by controlling, operating, and using its cellular network to transmit WEAs to user devices.

48.    Verizon has had knowledge of the '826 Patent since October 19, 2021.

49.    Verizon controls, operates, and uses its cellular network for transmitting WEAs knowing that it infringed and continues to infringe at least claim 17 of the '826 Patent under 35 U.S.C. § 271(a) directly.

50.    As a direct and proximate result of Verizon's acts of patent infringement, EAI has been and continues to be injured, and has sustained and will continue to sustain damages.

## COUNT IV: INFRINGEMENT OF U.S. PATENT '826 CLAIM 18

51.    EAI incorporates by reference the allegations set forth in paragraphs 1-34 of this Complaint as though set forth in full herein.

52.    Claim 18 of the '826 Patent provides:

|  | The method of operating a Reverse 911 Alarm System of claim 12, further comprising: |
| --- | --- |
| Element A | transmitting, over at least one unidirectional forward broadcast path that extends from said cell site to said plurality of cellular communication devices, said alarm indications to said individuals who are equipped with said cellular communication devices. |

53.     Verizon has and continues to control, operate and use its cellular network for transmitting WEAs to user devices in a manner that meets each and every element of claim 18 of the '826 Patent.

54.     Verizon uses cell broadcast technology to transmit WEAs from cell sites to impacted user devices that support the receipt of WEAs. Cell broadcast is a type of unidirectional forward broadcast path, in that the communication is only received by the end user device. The end user device cannot send any information back using the cell broadcast path.

55.     Verizon directly infringes claim 18 of the '826 Patent by controlling, operating, and using its cellular network to transmit WEAs to user devices.

56.     Verizon has had knowledge of the '826 Patent since October 19, 2021.

57.     Verizon controls, operates, and uses its cellular network for transmitting WEAs knowing that it infringed and continues to infringe at least claim 18 of the '826 Patent under 35 U.S.C. § 271(a) directly.

58.     As a direct and proximate result of Verizon's acts of patent infringement, EAI has been and continues to be injured, and has sustained and will continue to sustain damages.

## **WILLFUL INFRINGEMENT**

59.     Verizon has infringed and continues to infringe the above identified claims of each of the Patents-in-Suit despite its knowledge of the '826 Patent and its knowledge that its implementations of WEAs were and are using the technology claimed by the '826 Patent since October 19, 2021, and the objectively high likelihood that its acts constitute patent infringement.

60.     Verizon's infringement of the Patents-in-Suit is willful and deliberate, entitling EAI to enhanced damages under 35 U.S.C. § 284.

61.    Verizon's willful infringement and unwillingness to enter into license negotiations with EAI make this an exceptional case such that EAI should be entitled to recover its attorneys' fees and costs incurred in relation to this matter pursuant to 35 U.S.C.  §285.

## JURY DEMAND

EAI demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff EAI requests that this Court enter judgment in its favor and against Verizon as follows:

A.    Adjudging, finding, and declaring that Verizon has infringed of the above-identified claims of each of the Patents-in-Suit under 35 U.S.C. § 271;

B.    Awarding the past and future damages arising out of Verizon's infringement of the Patents-in-Suit to EAI in an amount no less than a reasonable royalty, together with prejudgment and post-judgment interest, in an amount according to proof;

C.    Adjudging, finding, and declaring that Verizon's infringement is willful and enhanced damages and fees as a result of that willfulness under 35 U.S.C. § 284;

D.    Adjudging, finding, and declaring that this is an "exceptional" case pursuant to 35 U.S.C. § 285;

E.    Awarding attorney's fees, costs, or other damages pursuant to 35 U.S.C. §§ 284 or 285 or as otherwise permitted by law; and

F.    Granting EAI such other further relief as is just and proper, or as the Court deems appropriate.

Date: July 19, 2022                Respectfully submitted,

                                   By: /s/ *Alison Aubry Richards*
                                   Alison Richards (arichards@giplg.com)
                                   IL Bar # 6285669 (*also admitted in ED Texas*)
                                   David Berten (dberten@giplg.com)
                                   Irwin Park (ipark@giplg.com)
                                   Global IP Law Group, LLC
                                   55 W. Monroe St.
                                   Ste. 3400
                                   Chicago, Illinois 60603
                                   Phone:  312.241.1500


                                   *Attorneys for Plaintiff,*
                                   *Emergency Alerts Innovations, LLC*